UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE STEWART,

    Plaintiff,

  vs.

BREVARD COUNTY, FLORIDA,

    Defendant.

Case No.
6:25-cv-1303-JSS-RMN

## ORDER

This matter is before the Court without oral argument on a Time-Sensitive Amended Motion for Protective Order filed by Defendant, Brevard County. Dkt. 50. Plaintiff, Lawrence Stewart, filed a response in opposition. Dkt. 53. A hearing on the motion was noticed, but upon consideration, no hearing is required.

Defendant seeks an order prohibiting Plaintiff from deposing Rita Pritchett, who serves as a county commissioner. Dkt. 50 at 444.[1] Defendant contends Commissioner Pritchett should not be required to sit for a deposition because a common law privilege—

---

[1] Pinpoint citations in this order to filings in this case refer to the PageID found in the cm/ecf header printed on each page.

called the legislative privilege—bars Plaintiff from seeking discovery as to her conduct as a local legislator. *Id.* at 448–53.

Commissioner Pritchett is not a party to this action. *See* Dkt. 40 ¶ 2 (identifying the county as the sole defendant). And Defendant lacks standing to assert the legislative privilege of its commissioners. *See Pen Am. Ctr., Inc. v. Escambia Cnty. Sch. Dist.*, No. 24-13896, 2025 WL 1937264, at *4 (11th Cir. July 15, 2025) (explaining that a school board "lacks standing to assert the legislative privilege of its members, who each individually possess the privilege insofar as they are entitled to it"); *cf., e.g., Kimberly Regenesis, LLC v. Lee County*, 64 F.4th 1253, 1260–63 (11th Cir. 2023) (holding that a county commissioner, who is not a party to a lawsuit, could not appeal an adverse ruling on the county's motion for protective order). If the commissioner wishes to resist a valid subpoena,[2] then she must appear and properly assert the privilege. *See Kimberly Regenesis*, 64 F.4th at 1263–64 (explaining how a county commissioner can participate in proceedings before a district court).

---

[2] Plaintiff does not appear to have served a valid subpoena on the commissioner pursuant to Federal Rule of Civil Procedure 45 requiring her to appear at a deposition. *See* Dkt. 50-1 (deposition notice).

For this reason, it is **ORDERED**:

1.    Defendant's Time-Sensitive Motion for a Protective Order (Dkt. 50) is **DENIED**; and

2.    Defendant shall show cause, in a written response consisting of no more than three pages, why the Court should not award Plaintiff any reasonable expenses, including attorney's fees, incurred in opposing the motion, as required by Federal Rule of Civil Procedure 37(5)(B). Defendant's response must be filed on or before August 18, 2026. Plaintiff may file a written response (consisting of no more than three pages), but must do so on or before August 25, 2026.

**DONE** and **ORDERED** in Orlando, Florida, on August 11, 2026.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record

- 3 -