UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE STEWART,

        Plaintiff,

v.

BREVARD COUNTY, FLORIDA,

        Defendant.

_____/

Case No. 6:25-cv-01303-JSS-RMN

### DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant Brevard County ("County") respectfully responds to the Court's August 11, 2026 Order, doc. 59, as follows:

**1.    The County acknowledges oversight of the standing issue.**

First things first: the County—or, more to the point, undersigned counsel—acknowledges that pre-filing research focused primarily on the substantive scope of legislative immunity and privilege and insufficiently on the separate standing issue addressed in the Order. Although counsel recalls encountering *PEN American Center, Inc. v. Escambia County School District*, No. 24-13896, 2025 WL 1937264, at *4–5 (11th Cir. July 15, 2025) (unpublished), counsel did not focus on its significance to standing when the County's Time-Sensitive Amended Motion for Protective Order ("MFPO," Doc. 50) was filed.

In preparing and filing the MFPO, counsel understood the privilege belonged personally to Commissioner Pritchett, but incorrectly believed she could invoke it and

authorize County counsel to seek protection through the County's motion. Doc. 50-4, ¶¶ 5–8. *PEN American* makes clear that procedure was insufficient; Pritchett was required to assert the privilege as the movant or through another appropriate means. *See Kimberly Regenesis, LLC v. Lee Cnty.*, 64 F.4th 1253, 1263–64 (11th Cir. 2023). Counsel will be mindful of such procedures going forward.

**2.      The MFPO was substantially justified.**

In the context of Rules 26(c) and 37(a)(5)(B), a position is "substantially justified" where there is a "genuine dispute" or "reasonable people could differ as to the appropriateness of the contested action." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011).

Although standing is a threshold issue, the MFPO's underlying privilege concern was substantively well-founded.   Plaintiff identified Pritchett's comments from the dais, motion to table his application, and statement concerning "emotional decisions"—subjects reasonably implicating legislative activities, motivations, and mental processes.  Doc. 50-5; see *Pernell v. Fla. Bd. of Governors of State Univ.*, 84 F.4th 1339, 1343 (11th Cir. 2023); *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015). Plaintiff's response seemingly disclaimed any intent to inquire into Pritchett's legislative deliberations, mental impressions, votes, or intent.  Doc. 53 at 2, 4. Thus, the substantive privilege concern was largely resolved by plaintiff's clarification.

The MFPO also challenged the deposition under Rule 26 as unnecessary, cumulative, disproportionate, and irrelevant.  Doc. 50 at 7–10.  The County had

standing to assert those objections notwithstanding its inability to assert Pritchett's personal privilege. *See Northwestern Mut. Life Ins. Co. v. Brockman*, No. 2:24-cv-186-KCD, 2024 WL 4349101, at *3 (M.D. Fla. Sept. 30, 2024); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). After plaintiff disclaimed privileged questioning, these independent objections principally remained at issue.

### 3.    An award of expenses is unwarranted.

Rule 37(a)(5)(B) precludes expenses "if the motion was substantially justified or other circumstances make an award of expenses unjust."

Had counsel properly addressed *PEN American*, Pritchett herself would have presented substantially the same motion. Neither the County nor Pritchett gained any advantage from the improper procedure, and plaintiff confronted substantially the same arguments and incurred substantially the same expenses. Adherence to *PEN American* and *Kimberly Regenesis* thus would have changed the procedure for seeking relief, not its substantive basis. Together with plaintiff's disclaimer of privileged inquiry and the MFPO's independent Rule 26 grounds, these circumstances demonstrate substantial justification and make an award of expenses unjust. This is not a case in which the failure to identify adverse authority conferred a substantive advantage or shielded a position from substantive defeat.

The County respectfully requests that the Court discharge its Order to Show Cause without an award of expenses or attorney's fees.

3

Respectfully submitted this 12th day of August, 2026.

By:   /s/ Dale A. Scott
      Dale A. Scott, Esq.
      Fla. Bar No. 568821
      dscott@tessmari.com
      ehemphill@tessmari.com
      Tessitore Mari Scott, PLLC
      1485 International Pkwy., Ste. 2031
      Lake Mary, FL 32746-5352
      Tel:  321-363-1634
      Fax:  321-319-9095
      Counsel for Brevard County, Florida

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been furnished via CM/ECF on this

12th day of August, 2026, to:

Scott L. Knox, Esq.
W. Nathan Meloon, Esq.
sknox@uslegalteam.com
nmeloon@uslegalteam.com
julie@uslegalteam.com
Widerman Malek, PL
1990 W. New Haven Ave., Ste. 201
Melbourne, FL 32904
Counsel for Lawrence Stewart

By:   /s/ Dale A. Scott
      Dale A. Scott, Esq.

4