**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LAWRENCE STEWART,

Plaintiff,

vs.

BREVARD COUNTY, FLORIDA,

Defendant.

Case No. 6:25-cv-1303-JSS-RMN

# ORDER

This matter is before the Court without oral argument on a time-sensitive motion for a protective order (Dkt. 61) filed by Rita Pritchett, a non-party who serves as a Brevard County Commissioner. Plaintiff, Lawrence Stewart, filed a response in opposition. Dkt. 67.

Commissioner Pritchett seeks an order prohibiting Stewart from deposing her or, in the alternative, limiting the scope of the deposition. Dkt. 61 at 490.[1] Stewart opposes, arguing that Commissioner Pritchett is a witness whose acts and communications

[1] Pinpoint citations to docket filings refer to the PageID contained within the cm/ecf header printed on each page.

concerning a code enforcement complaint are unrelated to her service as a county commissioner. Dkt. 67 at 540–42, 544–46. Stewart also contends the act he challenges in this lawsuit is not legislative in character, and so the legislative privilege does not apply. *Id.* at 548–53.

Legislative immunity and privilege have a long history. "The privilege of legislatures to be free from arrest or civil process for what they do or say in legislative proceedings" is rooted in Parliament's struggle to be free from the English Crown. *Tenney v. Brandhove*, 341 U.S. 367, 372 (1951). The privilege was deemed essential by our country's founders. *Id.* Today, state-official legislative immunity and privilege are recognized by federal courts. *In re Hubbard*, 803 F.3d 1298, 1307 (11th Cir. 2015) (citing Federal Rule of Evidence 501).

The parties' dispute appears to confuse the privilege's different aspects. In one, the privilege acts as a shield against compulsory process. *See, e.g.*, *EEOC v. Washington Suburban Sanitary Comm'n*, 631 F.3d 174, 181 (4th Cir. 2011). Here, Stewart has issued no subpoena, as required by Federal Rule of Civil Procedure 45. Commissioner Pritchett is therefore not required to appear at the noticed deposition. *See, e.g.*, *Johnson L. Grp. v. Elimadebt USA, LLC.*, No. 9:09-cv-81331, 2010 WL 11558230, at *1 (S.D. Fla. Oct.

28, 2010) ("Pursuant to Rule 45 of the Federal Rules of Civil Procedure . . ., non-parties must be served with subpoenas before a court has jurisdiction to compel their attendance at a deposition."). Because she is appearing at the deposition voluntarily, *see* Dkt. 61 at 492 n.2, she has waived the privilege at least insofar as it bars Stewart from compelling her testimony.[2] *See, e.g.*, *Florida v. Byrd*, 674 F. Supp. 3d 1097, 1107 (N.D. Fla. 2023) ("The privilege is personal to the individual legislator and 'may be asserted or waived as [the bearer] so chooses.'") (quoting *Marylanders for Fair Representation, Inc. v. Schaefer*, 144 F.R.D. 292, 299 (D. Md. 1992), with alterations in *Byrd*).

There is also an evidentiary aspect to the privilege. *See In re Hubbard*, 803 F.3d at 1307 (citing Federal Rule of Evidence 501). Commissioner Pritchett may still assert the "privilege in response to concrete questions," *Kimberly Regenesis, LLC v. Lee Cnty.*, 64 F.4th 1253, 1263 (11th Cir. 2023), and establish an appropriate basis for

---

[2] So far as I can ascertain, given the absence of briefing by the parties and Commissioner Pritchett, the Supreme Court has not decided whether legislative immunity may be waived in a civil proceeding. It has said only, in a criminal case and after assuming such immunity may be waived, that waiver may "be found only after explicit and unequivocal renunciation of the protection." *United States v. Helstoski*, 442 U.S. 477, 491 (1979).

her privilege claim at the deposition, *In re Hubbard*, 803 F.3d at 1307 (explaining that Federal Rule of Civil Procedure 45(e)(2) requires the person claiming a privilege to (1) "expressly make the claim" and (2) "describe the nature of the withheld documents . . . in a manner that . . . will enable the parties to assess the claim"). Once Commissioner Pritchett has asserted privilege and refused to answer concrete questions, Stewart may move to compel her testimony pursuant to Federal Rule of Civil Procedure 37(a). *See id.* Only then will the evidentiary aspect of Commissioner Pritchett's claims of privilege be ripe for adjudication.

Lastly, Commissioner Pritchett has not offered information concerning the lodging of the code enforcement complaint that establishes it is protected. At bottom, legislative immunity is afforded only for official acts. In this regard, it is much like the immunity discussed in *Trump v. United States*, 693 U.S. 593 (2024). There, the Supreme Court stated the obvious: "[t]he President enjoys no immunity for his unofficial acts, and not everything the President does is official." *Id.* at 642. So too for the common-law immunity

and privilege afforded to state legislators, county commissioners, and school board members.[3]

Given that Commissioner Pritchett has provided no journalistic facts—that is, information that sheds some light on the who, what, when, where, how, and why—concerning the complaint, she has not satisfied her burden to show the complaint was an official act protected by privilege. *See, e.g.*, *In re Hubbard*, 803 F.3d at 1307. And indeed, because she concedes in her motion the complaint was "non-legislative conduct," Dkt. 61 at 497, she has also conceded the complaint (and communications concerning it) are not privileged.

Accordingly, Commissioner Pritchett's time-sensitive motion for a protective order (Dkt. 61) is **DENIED**.

**SO ORDERED** in Orlando, Florida, on August 28, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

---

[3] But one should not draw a broad comparison between legislative and presidential immunity given the differing rationales for each.

Copies to:

Counsel of Record